IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**CORY A. SIMPSON,**

      **Plaintiff,**

v.                                    Case No.: 2:13-cv-08766

**CITY OF CHARLESTON and
OFFICER B.A. LIGHTNER,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER and
NOTICE OF INITIAL STATUS CONFERENCE**

      Pending before the court are Plaintiff's Motion for the Appointment of Counsel, (ECF No. 18), and Plaintiff's Motion to Suppress all Evidence Favorable to the Plaintiff, (ECF No. 20). Having considered the motions, the court **DENIES** them.

      Although the court may, in its discretion, request an attorney to represent Plaintiff in this § 1983 action, he has no constitutional right to counsel. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). The United States Court of Appeals for the Fourth Circuit has made it clear that the appointment of counsel in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). Whether sufficient circumstances exist to justify the court's involvement in arranging *pro bono* representation depends on the complexity of the claims and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686 F.2d 264, 266. ("[N]o comprehensive definition of exceptional circumstances is

practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)). Here, Plaintiff fails to present evidence or argument supporting the conclusion that his case meets the high threshold necessary for court-arranged counsel. Furthermore, Plaintiff has made no reported effort to look for an attorney willing to take the case on a contingent fee basis. Instead, Plaintiff simply argues that counsel should be appointed because he is not trained in the law and does not have the funds to hire an attorney. Unfortunately, these limitations do not merit the appointment of counsel at this stage of the proceedings. The claims asserted by Plaintiff are simple, and he has proven himself capable of presenting them. For these reasons, the motion for appointment of counsel is denied.

Plaintiff's motion to suppress evidence is likewise denied because it is nothing more than a request for production of documents, which should be directed to Defendants after the initiation of discovery. Therefore, pursuant to L.R. Civ. P. 16.1 and Fed R. Civ. P. 16, it is hereby **ORDERED** that the following dates are fixed as the dates and times by or on which certain events must occur:

| | |
|---|---|
| **12/3/2013** | The last day upon which parties shall meet in person or by telephone to conduct a Rule 26(f) meeting. Defendants shall be responsible for arranging the meeting/conference. |
| **12/9/2013** | Last day to file report of Rule 26(f) meeting—See Scheduling Order Worksheet available on the Court's website at L.R. Civ. P. 16.1. |
| **12/13/2013** | The undersigned United States Magistrate Judge will hold an initial scheduling/status conference. Lead counsel and all unrepresented parties shall be present in person at **11:00 a.m.** at the Sidney L. Christie Federal Building and United States Courthouse, 1st Floor Courtroom, 845 Fifth Avenue, **Huntington, West Virginia.** The parties shall be prepared to discuss the following: |

1. The discovery to be completed and the amount of time necessary for completion;
2. Strategies to simplify the issues, including potential elimination of claims or defenses; and
3. The possibility of settlement.

## NOTICE

This matter has been referred to the undersigned United States Magistrate Judge pursuant to Standing Order for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (ECF No. 4). Pursuant to L.R. Civ. P. 16.1 and 73.1, the parties are informed of their opportunity to consent to the exercise by a Magistrate Judge of civil jurisdiction over the case, including entry of judgment, as authorized by 28 U.S.C. § 636. The parties may consent by filing a Consent to Jurisdiction by a United States Magistrate Judge (Fed. R. Civ. P. Form 34), or by so indicating on the Report of Parties Planning Meeting and Scheduling Order Worksheet, all of which are available on the court's website.

The parties are advised that the provisions of Fed. R. Civ. P. 14 and 15 with respect to the time in which to file third-party claims and to amend pleadings without leave of court are not affected by this Order and Notice.

The Clerk is instructed to provide a copy of the Order and Notice to the Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** November 20, 2013.

Cheryl A. Eifert
United States Magistrate Judge