IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CORY A. SIMPSON,

          Plaintiff,

v.                                      Case No.: 2:13-cv-08766

CITY OF CHARLESTON and
OFFICER B.A. LIGHTNER,

          Defendants.

## PROPOSED FINDINGS AND RECOMMENDATIONS

    Plaintiff Cory Simpson ("Simpson") brings this action under 42 U.S.C. § 1983, alleging that the Defendant, Officer B. A. Lightner, violated Simpson's constitutional rights by arresting him without probable cause. This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by the Clerk of Court's Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4). Currently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 13). Defendants seek an order of dismissal on three grounds. First, they argue that Plaintiff fails to allege facts sufficient to state a constitutional violation. Second, Defendants contend that Officer Lightner is entitled to qualified immunity from liability for civil damages. Finally, they argue that the City of Charleston should be dismissed because Simpson makes no allegations implicating said Defendant. Simpson has filed multiple responses to

Defendants' dispositive motion. (ECF Nos. 16, 19, 21, 22). Therefore, the matter is fully briefed and ready for disposition.

Having thoroughly considered the motion, the undersigned **FINDS** that the City of Charleston is entitled to a dismissal, without prejudice, for failure to state a claim. However, the undersigned further **FINDS** that Defendant Lightner is not entitled to a dismissal at this time. Therefore, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT, in part,** and **DENY**, **in part**, Defendants' Motion to Dismiss; **DISMISS** the complaint, without prejudice, against the City of Charleston;  and remove it from the style of the case.

## I.    Standard of Review

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing the sufficiency of the complaint, the court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips v. Pitt County Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009). The court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Nonetheless, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause

of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    Allegations in the Complaint

Plaintiff states the following relevant facts:

1.      On April 13, 2013, Officer B. A. Lightner of the Charleston Police Department responded to a call at 711 Washington Street West, Apt. F, Charleston, West Virginia.

2.      When Officer Lightner arrived, Simpson, Angela Woodrum, and Robert Layne were present in the apartment.

3.      Layne and Woodrum were intoxicated, but Officer Lightner did not administer a breathalyzer to determine their level of impairment or capacity.

4.      Officer Lightner persuaded Layne and Woodrum to file a false complaint against Simpson, resulting in his arrest by Lightner on charges of domestic battery and battery.

5.      Officer Lightner saw that Simpson had a severe head injury that required the application of three staples at a local hospital to close the wound.

6.      Officer Lightner was told that Simpson was injured while trying to defend himself from an attack by Layne. Three eyewitnesses supported Simpson's account, but Officer Lightner refused to let them file statements.

7.      Officer Lightner also refused to allow Simpson to file a complaint against Layne. Instead, only Simpson was charged with a crime, and he was taken to the South

3

Central Regional Jail where he spent nine days before he could post bail.

      8.    Officer Lightner had a personal vendetta against Simpson because Simpson had filed a complaint in 2006 charging Officer Lightner with police brutality.

## III. <u>Discussion</u>

### A.     Officer Lightner

In order to sustain a cause of action against Officer Lightner under 42 U.S.C. § 1983, Simpson must present facts showing that: (1) Officer Lightner deprived Simpson of a federally protected civil right, privilege or immunity and (2) that Officer Lightner did so under color of State law. *Rendall-Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Jenkins v. Medford,* 119 F.3d 1156, 1159-60 (4th Cir. 1997). "Not all violations of a plaintiff's civil rights, however, will subject a defendant to liability." *Pleasants v. Town of Louisa,* 524 Fed.Appx. 891, 894 (4th Cir. 2013). Government officials performing discretionary functions may be protected from monetary damages under the doctrine of qualified immunity when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity "is a judicially created doctrine that stems from the conclusion that few individuals will enter public service if such service entails the risk of personal liability for one's official decisions." *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). This doctrine protects law enforcement officers in the exercise of their official duties from the risk of personal liability for making "bad guesses in gray areas," ensuring that they are only responsible for "transgressing bright lines." *Marciariello v. Sumner,* 973 F.2d 295, 298 (4th Cir. 1992). As the United States Supreme Court explained in *Pearson v. Callahan:*

> Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."

*Pearson v. Callahan,* 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quoting

*Groh v. Ramirez,* 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004)). Because

qualified immunity is "an immunity from suit rather than a mere defense to liability," it

is "effectively lost if a case is erroneously permitted to go to trial." *Id.* (quoting *Mitchell*

*v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). "Where the

defendant seeks qualified immunity, a ruling on that issue should be made early in the

proceedings so that the costs and expenses of trial are avoided where the defense is

dispositive." *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

In determining the applicability of qualified immunity, the court must consider

two questions: (1) whether a constitutional or statutory right would have been violated

on the facts alleged by plaintiff, and (2) whether the right asserted was clearly

established at the time of the alleged violation. *Pearson,* 555 U.S. at 232. These

questions may be answered in any order that "[would] best facilitate a fair and efficient

disposition of each case." *Id.* at 242. As such, if a court finds that a claimed

constitutional right was not clearly established at the time of the alleged wrongdoing,

the court may dispose of the case without engaging in the pointless exercise of

determining whether the facts alleged actually establish a violation of that right. *Id.*

Similarly, if a court determines that the facts alleged by the plaintiff do not support a

reasonable inference that a constitutional right was violated, the analysis terminates,

and the complaint is subject to dismissal for failure to state a claim. The issue of

qualified immunity is purely a question of law and is "always capable of decision at the summary judgment stage." *DiMeglio v. Gaines*, 45 F.3d 790, 794 (4th Cir. 1995) (citing *Pritchett v. Alford,* 973 F.2d 307, 313 (4th Cir. 1992).

The Fourth Amendment to the United States Constitution protects the rights of people to be free from unreasonable search and seizure. U.S. Const. amend. IV. "An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based upon probable cause." *Pleasants,* 524 Fed.Appx. at 897 (citing *Wilson v. Kittoe,* 337 F.3d 392, 398 (4th Cir. 2003)). In the context of an arrest, probable cause "means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Probable cause "requires more than 'bare suspicion' but requires less than evidence necessary to convict," and will be determined "in the light of all of the surrounding circumstances." *Porterfield v. Lott,* 156 F.3d 563, 569 (4th Cir. 1998).

Construing the complaint in the light most favorable to Simpson, the allegations are sufficient to state a constitutional violation. According to Simpson, he was the victim of a malicious and injurious assault that was witnessed by several individuals willing to sign statements on his behalf. Officer Lightner, who had a personal dispute with Simpson, chose to ignore this evidence. Instead, he persuaded the perpetrator of the assault and another witness, both of whom were clearly intoxicated, to make false allegations against Simpson in order to justify a warrantless arrest. If all of these statements are taken as true, Officer Lightner lacked probable cause to arrest Simpson.

In response, Defendants argue that Simpson's allegations do not establish a constitutional violation because Officer Lightner was called to the scene of an altercation, and Simpson was admittedly involved in the altercation. Therefore, Officer Lightner had probable cause to arrest Simpson. Defendants further contend that when Officer Lightner arrived at the scene of the apartment, "he found a bloody victim (Mr. Layne) and two witnesses that advised that the Plaintiff battered Mr. Layne." (ECF No. 14 at 7). In addition, Defendants assert that Officer Lightner had cause to arrest Simpson for domestic battery because Simpson pushed Ms. Woodrum, who was "his former lover and current cohabitant." (ECF No. 17). Defendants attach a copy of an unverified Incident Report from the Charleston Police Department to support their contentions. Defendants plainly fail to appreciate the current posture of the case.

When considering a motion to dismiss under Rule 12(b)(6), the court generally confines its review to the four corners of the complaint. *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 558 (4th Cir. 2013) ("On a motion pursuant to Rule 12(b)(6), the court's task is to test the legal feasibility of the complaint without weighing the evidence that might be offered to support or contradict it."). However, the United States Court of Appeals for the Fourth Circuit has recognized a limited exception to this rule, allowing courts to "consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.,* 164 Fed.Appx. 395, 396 (4th Cir. 2006); *see also Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir.2007). In this case, Simpson claims that the information contained in the Incident Report is untrue, and the report itself may be fabricated. (ECF No. 16 at 2). Moreover, the parties state very different versions of the

factual events culminating in Simpson's arrest. Thus, issues of material fact exist, and they are not unequivocally resolved by the Incident Report. Contrary to Defendants' apparent position, Simpson's presence at the scene of a reported altercation with a head injury does not, by itself, constitute probable cause for his arrest. *See Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996); *Bailey v. City of Miami Beach,* 476 Fed.Appx. 193, 197 (11th Cir. 2012); *Sykes v. Anderson*, 625 F.3d 294, 307 (6th Cir. 2010); *O'Connor v. City of Philadelphia* 233 Fed.Appx. 161, 166 (3rd Cir. 2007); *Teague v. Overton* 15 Fed.Appx. 597, 601 (1oth Cir. 2001); *U.S. v. Colzie*, 817 F.2d 103 (4th Cir. 1987) (table). This is particularly true if Simpson was actually the victim of an assault, as he alleges in his complaint. While the undersigned recognizes the need to consider claims of qualified immunity as early as possible in the litigation process, some discovery must be conducted in this case before a dispositive motion on that issue is ripe. Consequently, at this stage of the litigation, the undersigned is unable to find that Simpson's constitutional right to be free from unlawful seizure was not violated.

Under the second inquiry of the qualified immunity analysis, the undersigned notes that the Fourth Amendment right to be free of arrest without probable cause is a clearly established constitutional right. *Henderson v. Simms,* 223 F.3d 267, 273 (4th Cir. 2000). "Where the law is clearly established, and where no reasonable officer could believe he was acting in accordance with it, qualified immunity will not attach." *Pinder v. Johnson,* 54 F.3d 1169, 1173 (4th Cir. 1995). Therefore, the undersigned **FINDS** that Officer Lightner has not established his right to qualified immunity at this time.

### B.    City of Charleston

The City of Charleston is a municipality. A municipality cannot be held liable under 42 U.S.C. § 1983 solely because it employs a person who allegedly violated the

plaintiff's constitutional rights. *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 692-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Rather, to recover against a municipality, the plaintiff must explicitly allege that the wrongful actions of the municipal employee were taken in furtherance of a policy or custom of the municipality. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 411, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ("A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision."); *Polk County v Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (Execution of the policy or custom must be the "moving force" behind the alleged constitutional violations). A policy is "a course of action consciously chosen from among various alternatives respecting basic governmental functions, as opposed to episodic exercises of discretion in the operational details of government ... A custom exists when the 'persistent and widespread' practices of governmental officials are 'so permanent and well-settled as to [have] the force of law.'" *Lavender v. City of Roanoke Sheriff's Office*, 826 F.Supp.2d 928, 935 (W.D.Va. 2011) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1386 (4th Cir. 1987)). This "official policy" requirement is "intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *King v. Charleston County School Dist.*, 664 F.Supp.2d 571, 582 (D.S.C. 2009) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

   Here, Simpson fails to include any allegations in his complaint that implicate the City of Charleston. To the contrary, Simpson claims that Officer Lightner "violated the

professional code of conduct required by the Charleston Police Department," (ECF No. 2 at 1, 3), thus indicating that the alleged wrongful acts were taken in contravention of the City's constitutional policy or custom. A plaintiff seeking to impose liability on a municipality under § 1983 must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordon by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994); *Board of Commissioners of Bryan Cty.,* 520 U.S. at 403. Therefore, in the absence of any allegations stating a claim against the City of Charleston, the undersigned **FINDS** that the complaint should be dismissed against the City for failure to state a plausible claim for relief. However, because the litigation is in its early stages and the statute of limitations has not run on Simpson's claims, the undersigned further **FINDS** that the dismissal should be without prejudice.

## IV.   <u>Proposal and Recommendations</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **DENY** Defendants' Motion to Dismiss as it pertains to Officer Lightner (ECF No. 13); **GRANT** the Motion to Dismiss as it pertains to the City of Charleston (ECF No. 13); **DISMISS** the City of Charleston, without prejudice; and remove it from the style of the case.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, counsel of record, and any unrepresented party.

**FILED:** November 20, 2013.

Cheryl A. Eifert
United States Magistrate Judge

11